Richard **WOJTCZAK**

v.

**UNITED STATES DEPARTMENT OF JUSTICE.**

**Civ. A. No. 80–846.**

United States District Court,
E. D. Pennsylvania.

Sept. 29, 1982.

David M. Felder, Saul, Ewing, Remick & Saul, Philadelphia, Pa., for plaintiff.

Peter F. Vaira, U. S. Atty., Thomas J. McBride, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Plaintiff Richard Wojtczak brought this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking to compel the disclosure of information withheld by the Federal Bureau of Investigation ("FBI") in response to plaintiff's request for all FBI documents pertaining to him. Plaintiff has received all requested material with the exception of the nine pages at issue in this case. These documents contain results of laboratory tests which the FBI conducted at the request of local law enforcement authorities in connection with the plaintiff's trial on charges of rape. Plaintiff was subsequently convicted. The FBI refused to produce the results concerning the lab tests, contending that these materials were exempt from FOIA disclosure pursuant to 5 U.S.C. § 552(b)(7)(D), (hereinafter "Exemption 7(D)"), which states that the government need not release law enforcement investigation records that contain the identity of a confidential source. Plaintiff contends that

Exemption 7(D) applies only to investigatory records compiled for *federal* law enforcement, and does not apply to records pertaining to state law enforcement activity. For the reasons hereinafter set forth, the court has determined that the records in question are law enforcement records within the meaning of Exemption 7(D). However, the government stated, at oral argument held before this Court on July 20, 1982, that it had offered to provide plaintiff with copies of the lab reports that were redacted so as to shield the identity of any confidential source or sources. The Court will order that the government provide these redacted materials to the plaintiff.

In 1975, plaintiff was arrested for assault and rape in Montgomery, Bucks, and Philadelphia counties. He was convicted in Montgomery and Bucks counties during 1976. In 1977, he was convicted in Philadelphia county. During the course of police investigations connected with the case, a local law enforcement agency or agencies submitted certain evidence to the FBI for laboratory examination and analysis. The FBI customarily performs this service at the request of local law enforcement agencies so that local law enforcement agencies with limited financial resources may benefit from the FBI's state-of-the-art technology.

The FOIA provides, *inter alia,*

[e]ach agency, upon any request for records which (A) reasonably describes such records and (B) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person.

(B) On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. In such a case the court shall determine the matter de novo, and may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of this section, and the burden is on the agency to sustain its action.

\*　　\*　　\*　　\*　　\*　　\*

(b) This section does not apply to matters that are—

\*　　\*　　\*　　\*　　\*　　\*

(7) investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would ... (D) disclose the identity of a confidential source and, in the case of a record compiled by a criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, confidential information furnished only by the confidential source, (E) disclose investigative techniques and procedures, or (F) endanger the life or physical safety of law enforcement personnel;

Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection.

5 U.S.C. §§ 552(a)(3); (a)(4)(B); (b)(7)(D), (E), (F).

■ In order to meet Exemption 7 of the FOIA (5 U.S.C. § 552(b)(7)), the requested material must be both (1) an investigatory record compiled by a law enforcement agency and (2) meet one of the other conditions specified in 5 U.S.C. § 552(b)(7) (A) through (F). *See Ferri v. Bell,* 645 F.2d 1213, 1223 (3d Cir. 1981) ("Even assuming arguendo that the words 'investigatory records' were applied loosely to cover all the information sought ... the government must still establish that disclosure would cause one of the six enumerated harms listed in section (b)(7)"). *See also, Pratt v. Webster,* 673 F.2d 408, 413 (D.C. Cir. 1982); *Irons v. Bell,* 596 F.2d 468 (1st Cir. 1979); *Church of Scientology v. U. S. Department of Justice,* 612 F.2d 417, 420–421 (9th Cir.

1979). Thus, to sustain its withholding of the documents in question, the FBI must show that the lab reports are law enforcement records which contain information from confidential sources. The government contends that it has satisfied this burden and has filed a motion to dismiss the plaintiff's action.

■ Plaintiff contends that the government has failed to meet the first prong of the Exception 7(D) test in that Exemption 7 applies only to federal law enforcement records, which the plaintiff defines as records compiled by a federal agency for the purpose of investigating violations of federal law. Plaintiff has cited the recent D.C. Circuit decision of *Pratt v. Webster,* 673 F.2d 408 (D.C. Cir. 1982) in support of this contention. In *Pratt,* the D.C. Circuit concluded that, to meet the law enforcement records exception, the "documents sought must be related to the enforcement of federal laws or the maintenance of national security." (673 F.2d at 420).

Judge Edwards, writing for a three-judge panel, concluded that:

In order to pass the FOIA Exemption 7 threshold, such an agency must establish that its investigatory activities are realistically based on a legitimate concern that federal laws have been or may be violated or that national security may be breached. Either of these concerns must have some plausible basis and have a rational connection to the object of the agency's investigation.

673 F.2d at 421. In *Pratt,* Judge Edwards cited several other opinions that speak of the need for Exemption 7 records to be compiled for the purpose of enforcing "federal law." *See, e.g., Malizia v. Department of Justice,* 519 F.Supp. 338, 347 (S.D.N.Y. 1981); *Lamont v. Department of Justice,* 475 F.Supp. 761, 773 (S.D.N.Y.1979); *Church of Scientology v. Department of Defense,* 611 F.2d 738, 748 (9th Cir. 1979). However, none of these cases, or any case cited in *Pratt,* involved the precise question now before this Court, *i.e.,* whether Exemption 7 applies to all law enforcement investigatory records contained in the files of federal agencies or whether Exemption 7 applies only to the law enforcement records concerning federal crimes. *Scientology, supra,* involved records about the church compiled through federal investigations. *Lamont* involved federal anti-subversive investigations of the plaintiff, who allegedly belonged to the Communist Party and committed perjury before a congressional committee. *Malizia* involved records concerning the jailbreak from a federal prison while the plaintiff was serving a sentence for violating federal drug laws. *Pratt* itself involved FBI Counter-Intelligence Program documents concerning the Bureau's anti-subversive investigation of the Black Panther party and held that "the documents at issue ... evince law enforcement as a 'significant aspect' of the FBI's purpose." 673 F.2d at 423.

Thus, neither *Pratt,* nor *Scientology,* nor *Malizia,* nor *Lamont,* nor any other case which this Court has found involved a determination of whether Exemption 7 loses its statutory power when the records in question are related to a state prosecution. Therefore, the quotations from these cases cited by the plaintiff are dicta. In none of the cases heretofore cited was it necessary for the Court to determine the issue of Exemption 7's scope. All involved federal criminal investigations. Upon thorough review of those cases, this Court has concluded that the opinions heretofore cited spoke of Exemption 7 applying to violations of "federal law" because such violations were the only violations at issue in those cases. Therefore, the quotations cited by the plaintiff involve rhetoric helpful to his cause but they do not indicate a reasoned consideration by other courts of the issue now before this Court.

Similarly, the plaintiff cites the U. S. Attorney General's Memorandum on the 1974 Amendments to the Freedom of Information Act. In that Memorandum, the Attorney General concluded that records meet the first prong of Exemption 7 "where the purpose for which the records are held and used by the agency becomes substantially violation-oriented, i.e., becomes refocused

on preventing, discovering or applying sanctions against noncompliance with federal statutes or regulations." (Attorney General's memorandum, at 6). However, the Memorandum does not indicate that the Attorney General at any time considered and offered an opinion on the issue before this Court. Like the quotations from previous FOIA cases involving various subjects, it appears that the antecedent quotation spoke of "federal law" because the Memorandum was discussing federal law. This Court has found no instance in which the federal executive or federal judiciary has reflected upon Exemption 7's applicability to records involving FBI aid to local law enforcement agencies and concluded that the exemption does not apply.

Since there is no on-point precedent concerning this issue, the Court, in interpreting the statute, must look to the statute itself. As heretofore quoted, the plain language of Exemption 7(D) exempts from FOIA disclosure "records compiled for law enforcement purposes" where disclosure of such records would reveal the identity of a confidential source. The Act itself does *not* say "records compiled for federal law enforcement purposes" nor does the Act make any distinction between federal and local law enforcement. It is beyond question that the lab tests which generated the documents at issue involved law enforcement, in this case the investigation and prosecution of violent crime. The tests were conducted pursuant to an extensive and long-established program in which a federal law enforcement agency aids state and local law enforcement agencies. Presumably, the FBI provides this service out of a belief that the entire nation benefits from such cooperation between law enforcement agencies. Under these circumstances, this Court would exceed its authority were it to adopt an interpretation of Exemption 7 that is at odds with the plain language of the Act. Congress could have written Exemption 7 to apply to records compiled for purposes of enforcing federal laws. Instead, Congress made the exemption applicable to all "records compiled for law enforcement purposes." This pragmatic construction of the

face of the statute is supported by case law concerning the FOIA.

The Third Circuit has stated that the " 'investigatory records' exemption is to be construed literally. It contemplates files compiled with a specific, formal proceeding or investigation in mind." *Ferri v. Bell,* 645 F.2d at 1223 (3d Cir. 1981). The Third Circuit did not require that Exemption 7 investigations involve federal crimes, nor did it indicate a desire to read such a narrowing of the exemption into the statute. Instead, the Circuit Court has read the language of the FOIA in a literal fashion. *See also Committee on Masonic Homes v. NLRB,* 556 F.2d 214, at 219 (3d Cir. 1977). The Ninth Circuit has construed Exemption 7 in similar fashion and stated in *Church of Scientology v. U. S. Department of Justice,* 612 F.2d 417 (9th Cir. 1979).

If we were only to look at the language of the 7(D) Exemption and give the words utilized therein their plain and ordinary meaning, we would be forced to conclude that the term "confidential source" refers simply to the origin of information without distinction among the types of originators. Following that reading of the exemption, we would hold that 'confidential source' includes foreign, state and local law enforcement agencies in its scope.

All of the cases that we have found which have considered the question, with one exception, have agreed with the above interpretation of the language of the 7(D) exemption.

612 F.2d at 420. (footnote omitted).

The Ninth Circuit further noted in *Scientology* that "Words used in a statute are to be given their ordinary meaning in the absence of persuasive reasons to the contrary." 612 F.2d at 420, n.10, citing *Trans Alaska Pipeline Cases,* 436 U.S. 631, 98 S.Ct. 2053, 56 L.Ed.2d 591 (1978); *Banks v. Chicago Grain Trimmers,* 390 U.S. 459, 88 S.Ct. 1140, 20 L.Ed.2d 30 (1968). Other Courts of Appeals have taken a similar approach to construction of FOIA Exemption 7. *See, e.g., Nix v. United States,* 572 F.2d 998 (4th Cir. 1978); *Lesar v. United States,* 455

F.Supp. 921 (D.D.C.1978); *Irons v. Bell,* 596 F.2d 468 (1st Cir. 1979). As the Ninth Circuit observed in *Scientology*

> The plain meaning rule can be viewed as consisting of two propositions. Initially, the rule stands for the notion that if the language of a statute is clear and there is no ambiguity, then there is no need to "interpret" the language by resorting to the legislative history or other extrinsic aids .... Secondly, and more importantly, the rule stands for the proposition that in the vast majority of its legislation Congress does mean what it says and thus the statutory language is normally the best evidence of congressional intent.

612 F.2d at 421. (citations omitted).

Applying "plain meaning" construction to Exemption 7 of the FOIA, this Court concludes that the records at issue in this case are "investigatory records compiled for law enforcement purposes" within the meaning of the FOIA. The word "federal" does not appear in any portion of Exemption 7. If Congress had intended to exempt only federal law enforcement records from disclosure, it could easily have drafted the statute to include the word "federal." Congress did not do this. This Court must therefore interpret the statute as written and conclude that Exemption 7 applies to all law enforcement records, federal, state, or local, that lie within the possession of the federal government.

Strong policy considerations also support this interpretation. The FBI has long aided state and local law enforcement agencies in their attempts to reduce crime. This practice antedates the FOIA. Undoubtedly, much of the information provided to the FBI by state and local agencies contains sensitive information obtained from confidential sources which the agencies and parties to the investigations would not want disclosed to the general public or the subjects of the investigations. These files were considered confidential prior to the FOIA. Nothing in the language of the FOIA or its legislative history suggests that Congress sought to change this long-standing practice or to discourage cooperation between the FBI and other law enforcement agencies. If FOIA Exemption 7 were to be read as applying only to federal law enforcement actions, the practical effect of such a ruling would be to discourage and perhaps curtail entirely the long-standing cooperation and information sharing of the nation's many law enforcement entities. Since such a negative result is not dictated by the plain meaning of the statute, this Court will not strain to interpret the FOIA in such a counter-productive manner.

It is therefore clear that the records at issue in this litigation meet the first prong of FOIA Exemption 7, that the documents, in order to be exempt from disclosure, be "investigatory records compiled for law enforcement purposes." However, in order to be exempt pursuant to Exemption 7, the documents must also meet one of six possible second criteria as specified in the statute (5 U.S.C. § 552(b)(7)(A)–(F)).

This second prong of the Exemption 7 test is satisfied where the disclosure would

> (A) interfere with enforcement proceedings, (B) deprive a person of a right to a fair trial or an impartial adjudication, (C) constitute an unwarranted invasion of personal privacy, (D) disclose the identity of a confidential source and, in the case of a record compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, (E) disclose investigative techniques and proceedings, or (F) endanger the life or physical safety of law enforcement personnel.

5 U.S.C. § 552(b)(7)(A)–(F). The government asserts that the records sought by the plaintiff are not only law enforcement records but would also, if released, disclose the identity of a confidential source.

■ Exemption 7(D) exempts from FOIA disclosure law enforcement records containing the identity of a confidential source. In order to successfully invoke Exemption 7(D)'s second prong, the government must demonstrate that the information was obtained from a confidential source or un-

der an express or implied promise of confidentiality. *See Terkel v. Kelly,* 599 F.2d 214, 216 (7th Cir. 1979).

This view finds support in the legislative history of the 1974 amendments to the FOIA. *See* 120 Cong. Record 36871 (Nov. 21, 1974) (remarks of Sen. Phillip Hart) ("all the FBI has to do is to state that the information was furnished by a confidential source and it is exempt."). In the instant case, the FBI, through the affidavit of a Special Agent, has asserted that information contained in the document sought by plaintiff was provided by confidential sources, among them the local law enforcement agency or agencies that once investigated the plaintiff.

■ While it has been held that a local law enforcement agency can be a confidential source within the meaning of the FOIA, *see Church of Scientology v. Department of Justice,* 612 F.2d 417, 420 (9th Cir. 1979), the issue is by no means well-settled. *See, e.g.,* 612 F.2d at 428 (Wallace, J., dissenting). Furthermore, the Court need not decide this issue at this time since the government has offered to provide the documents at issue to the plaintiff after redacting from them the names of those persons or agencies considered confidential sources by the government. The release of these redacted documents may make the remainder of plaintiff's request moot since the context may make it obvious that only one of the local agencies which prosecuted the plaintiff is mentioned in the documents. Under these circumstances, plaintiff would have no need to seek disclosure of that which he already knows. If the redacted portions of the documents contain the names of persons who aided the investigation, this information would obviously be exempt from disclosure under Exemption 7(D). Only if the redacted portions of the documents contain the identity of non-obvious local agencies would this court need to decide the scope of Exemption 7's definition of confidential source, and this process would likely require in camera inspection of the unredacted documents. Therefore, in the event the redacted documents appear to contain the identity of non-obvious local agencies, the identity of which is sought by the plaintiff, plaintiff may file a motion requesting in camera inspection of the unredacted documents. Upon completion of such inspection, it may then be necessary for the court to determine the issue of whether a local law enforcement agency or an agency other than an individual may be a confidential source with the meaning of exemption 7(D).

The government's offer comports with the letter and spirit of the FOIA, which states that

Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection [the nine exemptions to the FOIA, including Exemption 7].

5 U.S.C. § 552(b). The Court will therefore order that these redacted records be provided to the plaintiff.

■ Though the Court will order that the government produce the redacted lab reports, the plaintiff has not "substantially prevailed" within the meaning of the FOIA and is therefore not entitled to attorney fees in this matter. The Act provides that

The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

5 U.S.C. § 552(a)(4)(E). In this case, the matter at issue was the applicability of Exemption 7(D) to documents sought by the plaintiff. The Court has determined that the government was substantially correct in its contention that Exemption 7(D) applied to these laboratory reports. Thus, it is clear that the plaintiff has not prevailed in this action. The Court's Order attached to this Memorandum will only require the government to do that which it has already offered to do. Though the initiation of this lawsuit may have motivated in part the government's action, the government has nonetheless sustained its contention that Exemption 7(D) substantially applies in this case. An appropriate order will be accordingly entered.

## ORDER

AND NOW, this 29th day of September, 1982, upon consideration of the government's Motion to Dismiss or in the Alternative for Summary Judgment, and plaintiff's Motion for Summary Judgment, or in the Alternative for In Camera Inspection, oral argument having been held before this Court on July 20, 1982, for the reasons set forth in this court's memorandum of September 29, 1982,

IT IS HEREBY ORDERED: The Motion to Dismiss or in the Alternative for Summary Judgment filed by the United States Department of Justice is GRANTED and plaintiff Richard Wojtczak's Motion for Summary Judgment or in the Alternative for In Camera Inspection is DENIED.

IT IS FURTHER ORDERED: The United States Department of Justice shall provide the plaintiff with copies of the documents at issue, Federal Bureau of Investigation HQ File No. 95–203055, redacted so as to prevent disclosure of the identity of confidential sources.