**Penny BEVIS and Center for National Security Studies, Plaintiffs,**

v.

**DEPARTMENT OF STATE, et al., Defendants.**

**Civ. A. No. 83–0993.**

United States District Court, District of Columbia.

Dec. 30, 1983.

Susan W. Shaffer and Mark H. Lynch, Washington, D.C., American Civil Liberties Union Foundation, for plaintiffs.

J. Paul McGrath, Asst. Atty. Gen., Stanley S. Harris, U.S. Atty., Vincent M. Garvey, and Mary E. Goetten, Washington, D.C., for defendants. Dennis Foreman, E. Page Moffett, and Robert Burnham, Washington, D.C., of counsel.

CHARLES R. RICHEY, District Judge.

This Freedom of Information Act ("FOIA") case is similar to one also decided today by this court, *Peterzell v. Department of Justice*, 576 F.Supp. 1492 (D.C.1983). Here, plaintiffs originally sought disclosure under 5 U.S.C. § 522 of State Department and Central Intelligence Agency ("CIA") documents produced or substantially relied upon in connection with the preparation of a document and accompanying report signed by Secretary of State George Schultz on January 21, 1983. Those documents certified that sufficient improvements had been made in El Salvador regarding human rights and political and economic reform to justify continued United States military assistance. In addition, plaintiffs asked for Federal Bureau of Investigation ("FBI") documents provided to the Department of State concerning the deaths or disappearances of Americans in El Salvador, including four churchwomen, two representatives of the American Institute for Free Labor Development, Michael Kline, Patricia Cuellar, and John Sullivan.

Through the parties' admirable informal efforts, the focus of this litigation has been narrowed considerably. Many of the requested records have been released and none of the ten Department of State documents withheld in whole or in part are now at issue. Only one dispute remains concerning a two-sentence deletion, labeled "D–2," in one CIA document. Plaintiffs also continue to object to defendants' withholding of the FBI records pursuant to FOIA Exemptions 1 and 7(A). 5 U.S.C. § 552(b)(1) & (b)(7)(A). For the reasons set forth below, the court concludes that defendants are justified in refusing to release additional documents and therefore grants defendants' motion for summary judgment.

1. *Exemption 1 justifies the withholding of certain FBI records and the CIA deletion*

■ Exemption 1 protects matters that are "specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and ... are in fact properly classified pursuant to such Executive order ...." Due to the particularly sensitive nature of such materials, district courts, while engaging in *de novo* review, must take into account agencies' special expertise.

> [S]ummary judgment may be granted on the basis of agency affidavits if they contain reasonable specificity of detail. rather than merely conclusory statements, and if they are not called into question by contradictory evidence in the record or by evidence of agency bad faith.
>
> If the agency's statements meet this standard, the court is not to conduct a detailed inquiry to decide whether it agrees with the agency's opinion; to do so would violate the principle of afford-

ing substantial weight to the expert opinion of the agency.

*Halperin v. CIA,* 629 F.2d 144, 148 (D.C. Cir.1980) (citations omitted). The Court of Appeals for this Circuit recently elaborated on the rationale for this deferential approach.

Due to the "mosaic-like nature of intelligence gathering," *Salisbury v. United States,* 690 F.2d [966] at 971 [D.C.Cir. 1982], ... "[w]hat may seem trivial to the uninformed[ ] may appear of great moment to one who has a broad view of the scene and may put the questioned item of information in context," *United States v. Marchetti,* 466 F.2d 1309, 1318 (4th Cir.), *cert. denied,* 409 U.S. 1063, 93 S.Ct. 553, 34 L.Ed.2d 516 ... (1972).

*McGehee v. Casey,* 718 F.2d 1137, 1149 (D.C.Cir.1983). *See also Gardels v. CIA,* 689 F.2d 1100, 1104–05 (D.C.Cir.1982); *Taylor v. Department of the Army,* 684 F.2d 99, 109 (D.C.Cir.1982).

■ The materials withheld pursuant to Exemption 1—FBI records concerning Kline, Cuellar, and Sullivan and Deletion D–2 of the CIA document—were properly classified pursuant to Executive Order 12356, 47 Fed.Reg. 14,874 (1982). That order applies when information falls within one of the categories in Section 1.3 and its release, by itself or in the context of other information, "reasonably could be expected to cause damage to national security." Section 1.3(b). An agency does not have to prove that harm *will* occur, only that "the predicted danger is a reasonable expectation ...." *Halperin,* 629 F.2d at 149. Section 1.3(c) creates a presumption that unauthorized disclosure of foreign government information, the identity of a foreign confidential source, or intelligence sources or methods causes damage to the national security.

The declarations of Special Agent Donald R. Macdonald and Paul L. Marr explain how the withheld material satisfies the requirements of Executive Order 12356. The FBI files on Cuellar, Kline, and Sullivan contain information on the foreign relations and foreign activities of the United States. The disclosure of this material can be reasonably expected to damage national security in a variety of ways. As detailed in the Macdonald declaration, the dangers include diplomatic, economic, and military retaliation against the United States; the identification of the target, scope, and time frame of intelligence gathering activities of the United States, resulting in the curtailment or cessation of these activities; enabling hostile entities to assess United States intelligence gathering activities and devise countermeasures against them; compromising cooperative foreign sources, jeopardizing their safety and curtailing the flow of information; and endangering United States citizens who might be living or traveling in the country involved.

Although the FBI's description of the withheld material is somewhat generalized, this is inevitable given the secret nature of the information it seeks to protect. *See Church of Scientology v. Turner,* 662 F.2d 784, 787 (D.C.Cir.1980). Upon a review of the redacted documents and the coded *Vaughn* index, the court finds sufficient specificity to support the agency's determination of nondisclosure.

Similarly, the court finds that Deletion D–2 is justified. According to the Marr Affidavit, ¶ 18, these two sentences:

reflect[ ] areas of intelligence interests and the collection capibilities [sic] of the intelligence community. The deleted information also sets forth the intelligence community's own precise assessment of how it is performing in the areas of interest, i.e. its ability to meet its responsibilities for the collection of intelligence. In short, the deleted information sets forth a general description of the intelligence activities of the United States vis-a-vis El Salvador. Disclosure of this information could damage the national security through pinpointing of the community's interests and capabilities in this area. Additionally, release of this information could be construed by the govern-

ment of El Salvador as CIA interference with its internal affairs, thereby leading to increased tensions between that country and the United States.

An examination of the context of the deletion supports this description. The court therefore concludes that Deletion D–2 is proper pursuant to Exemption 1.\*

2. *Exemption 7(A) is properly invoked to withhold certain FBI records*

 Exemption 7(A) protects from disclosure "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would ... interfere with enforcement proceedings ...." 5 U.S.C. § 522(b)(7)(A). The application of this exemption to these identical records is discussed at length in *Peterzell v. Department of Justice*, 576 F.Supp. 1492, also decided by this court today, and it will not be repeated here. The court has concluded that, as a matter of law, Exemption 7(A) applies to foreign law enforcement proceedings; that such proceedings are pending in El Salvador; and that release of the materials requested would "interfere" with those proceedings.

### CONCLUSION

For the reasons above, the defendants' motion for summary judgment is granted and the court will issue an order accordingly, of even date herewith.

---

\* Because the court has determined that Exemption 1 has been properly invoked, it need not address defendants' argument that Exemption 3 would also preclude disclosure.