Jay PETERZELL, et al., Plaintiffs,

v.

**DEPARTMENT OF JUSTICE,**
**Defendant.**

Civ. A. No. 82–3077.

United States District Court,
District of Columbia.

Dec. 30, 1983.

Susan W. Shaffer and Mark H. Lynch, Washington, D.C., American Civil Liberties Union Foundation, for plaintiffs.

Stanley Harris, U.S. Atty. Gen., Royce C. Lamberth, Asst. U.S. Atty., and Mark E.

Nagle, Attorney-Advisor, Washington, D.C., for defendant.

CHARLES R. RICHEY, District Judge.

Plaintiffs seek access under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to documents provided to the Department of State by the Federal Bureau of Investigation ("FBI") and to requests for information by the Department of State concerning the murders of six Americans in El Salvador. Of the six victims, four women were Roman Catholic missionaries and two men worked for the American Institute for Free Labor Development. Plaintiffs have exhausted their administrative remedies without receiving any of the documents requested because defendant determined that they are all exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(A).[1] That exemption protects "investigatory records compiled for law enforcement purposes ... to the extent that the production of such records ... would interfere with enforcement proceedings...." Plaintiffs filed this suit in October 1972 and defendant has moved for summary judgment, relying on Exemption 7(A). Upon consideration of the supporting and opposing memoranda, related declarations, and the entire record herein, the court has concluded that these records have been properly withheld from disclosure and therefore that defendant is entitled to summary judgment.

## EXEMPTION 7(A) PROTECTS THESE RECORDS FROM DISCLOSURE

The court must apply a three-part test to assess the propriety of withholding information under Exemption 7. First, the material must be an "investigatory record." In addition, it must have been "compiled for law enforcement purposes." Finally, it must satisfy one of the exemption's six subparts—here, interference with enforcement proceedings. *Pratt v. Webster,* 673 F.2d 408, 413 (D.C.Cir.1982).

---

1. There are approximately 1,291 pages concerning the churchwomen and 567 pages concerning the men.

Plaintiffs do not challenge the first element of this test. The evidence shows that the FBI compiled these files in the course of providing assistance to the government of El Salvador in connection with its investigation of the murders of the six Americans.[2] The plaintiffs' objections focus on the second and third elements. They contend that, as a matter of law, Exemption 7(A) applies only to *federal* law enforcement purposes, not to *foreign* proceedings. They also assert that a genuine issue of material fact exists as to whether any enforcement proceedings are pending in El Salvador. Finally, plaintiffs contend that defendant has failed to demonstrate with sufficient specificity that the withheld documents will interfere with any enforcement proceedings that may be pending.

1. *Exemption 7(A) applies to foreign law enforcement proceedings*

■ The threshold requirements for Exemption 7—"investigatory records compiled for law enforcement purposes"—were recently discussed by the Court of Appeals for this Circuit in *Pratt v. Webster,* 673 F.2d 408, 413–21 (D.C.Cir.1982). The Court distinguished between "mixed function" agencies and those "whose principal mission is criminal law enforcement," noting that "a court can accept less exacting proof" from the latter that "the purpose underlying disputed documents is law enforcement." *Id.* at 418. In elaborating on this "deferential attitude," *id.,* the Court set out two conditions for an agency to pass the Exemption 7 threshold: first, the agency's investigatory activities that give rise to the documents sought must be related to the enforcement of federal laws or to the maintenance of national security, and second, the nexus between the investigation and one of the agency's law enforcement duties must be based on a "colorable claim" of rationality. *Id.* at 420–21. Those conditions are satisfied in this case.

Although the FBI is obviously a law enforcement agency, plaintiffs would limit the application of Exemption 7(A) to *feder-*

*al* law enforcement, although there is no such express limitation in the language of the statute. They rely on the Attorney General's Memorandum on the 1974 Amendments to the Freedom of Information Act, which states that records of general information-gathering activities satisfy the first prong of Exemption 7 "where the purpose for which the records are held and used by the agency becomes substantially violation-oriented, *i.e.,* becomes refocused on preventing, discovering or applying sanctions against noncompliance with federal statutes or regulations." This court is convinced, however, that neither that memorandum nor cases that discuss Exemption 7 as applicable to "federal law" are controlling here. *See, e.g., Pratt, supra; Church of Scientology v. Department of Defense,* 611 F.2d 738, 748 (9th Cir.1979); *Malizia v. Department of Justice,* 519 F.Supp. 338, 347 (S.D.N.Y.1981); *Lamont v. Department of Justice,* 475 F.Supp. 761, 773 (S.D. N.Y.1979). There is no evidence that the Attorney General directly considered the application of Exemption 7 to non-federal law and the cases cited by plaintiffs focus on "federal law" because such violations were the only ones at issue.

Other courts which have faced this issue squarely have come to the same conclusion: there is no implied "federal law" limit in Exemption 7. *See Donovan v. FBI,* 579 F.Supp. 1111 (S.D.N.Y.1983); *Wojtczak v. Department of Justice,* 548 F.Supp. 143 (E.D.Pa.1982). This conclusion has a sound basis in policy as well. The release of FBI records in cases such as this would have a negative influence on the long-standing practice of FBI cooperation with state, local, and foreign law enforcement agencies and would tend to thwart effective law enforcement. *See Wojtczak,* 548 F.Supp. at 148.

2. *The record shows that "enforcement proceedings" are pending in El Salvador*

■ Despite plaintiffs' assertion that a genuine issue of fact exists as to whether

---

**2.** The FBI's cooperation in this foreign law enforcement was undertaken pursuant to 28

U.S.C. § 533 and 18 U.S.C. § 3184.

any enforcement proceedings are pending in El Salvador, the court finds plaintiffs have failed to controvert defendant's evidence on this point. Defendant has submitted declarations by Douglass C. Ogden, a Special Agent with the FBI; L. Craig Johnstone, Director of the Office of Central American Affairs at the Department of State; Dale F. Martell, a Special Agent with the FBI; and a letter from El Salvador's Attorney General, Dr. Mario Adalberto Rivera, to United States Ambassador Thomas R. Pickering. All of these informed officials refer to the pendency of enforcement proceedings. *See* Ogden Declaration, ¶¶ 22, 23, & 26; Johnstone Declaration, ¶¶ 3 & 4; Martell Declaration, ¶ 5; Rivera Letter, ¶ 4.

To rebut this evidence, plaintiffs have introduced the transcript of the MacNeil-Lehrer Report of January 21, 1983. During that broadcast, both Thomas Enders, Assistant Secretary of State for Inter-American Affairs, and Senator Patrick Leahy expressed doubts concerning the integrity and effectiveness of El Salvador's justice system. These informal comments do not expressly contradict the defendant's statements and fail to raise a genuine issue of fact precluding summary judgment.

3. *Defendant has demonstrated that the release of documents at this time would "interfere" with enforcement proceedings*

■ Courts may accept "generic determinations of likely interference ... with respect to particular kinds of enforcement proceedings." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 236, 98 S.Ct. 2311, 2324, 57 L.Ed.2d 159 (1978); *Moorefield v. United States Secret Service*, 611 F.2d 1021, 1026 (5th Cir.1980). Nevertheless, "to prevail under Exemption 7(A), the government must show, by more than conclusory statement, how the particular kinds of investigatory records requested would interfere with a pending enforcement proceeding." *Campbell v. Department of Health & Human Services*, 682 F.2d 256, 259 (D.C.Cir.1982). Here, the defendant has carried its burden of proof on the interference issue.

The enforcement proceeding that defendant seeks to protect is a serious criminal investigation, complicated by domestic and international politics. The Ogden Declaration describes the categories of documents withheld, which include teletypes, "airtels," memoranda, laboratory and polygraph reports, records of interviews, and photographs. This material contains summaries of FBI contacts with Salvadoran authorities, as well as the names of potential suspects and cooperative witnesses. Clearly, the release of such records would impede the sensitive criminal investigations and prosecutions in El Salvador. Potential witnesses could be intimidated, coerced, or physically harmed. In addition, the information contained in laboratory and polygraph reports and internal memoranda could facilitate the destruction or alteration of evidence or the fabrication of alibis. In the context of this case, these dangers are real and serious enough to justify withholding the records plaintiffs seek.

## CONCLUSION

For the reasons above, the defendant's motion for summary judgment is granted and the court will issue an order accordingly, of even date herewith.