Thomas BUTLER, Plaintiff,

v.

DEPARTMENT OF THE AIR FORCE, et al., Defendants.

Civ. No. 94–2306 (CRR).

United States District Court, District of Columbia.

May 31, 1995.

Thomas Butler, pro se.

Wyneva Johnson, Asst. U.S. Atty., with whom Eric Holder, U.S. Atty. for District of Columbia was on brief, Washington, DC, for defendants.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

Before the Court in the above-captioned case is the Defendants' Motion to Dismiss or in the Alternative for Summary Judgment ("Def. Motion to Dismiss"); the Plaintiff's Opposition ("Plaintiff's Opp."); the Defendant's Reply ("Def. Reply"); the Plaintiff's Motion Under *Vaughn v. Rosen* to Require Detailed Justification, Itemization, and Indexing ("Plaintiff's *Vaughn* Motion"); Defendant's Response to the Court's March 9, 1995 Order and Opposition to Plaintiff's Motion Under *Vaughn* ("Def. Response"); and Plaintiff's Reply. This case has been brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act ("PA"), 5 U.S.C. § 552a. After consideration of the filings by both parties, the applicable law, and the record herein, the Court shall DENY Defendant's Motion to Dismiss, GRANT in part and DENY in part the Defendants' Motion for Summary Judgment, and DENY Plaintiff's *Vaughn* Motion.

## I. BACKGROUND

The Plaintiff in this case, Thomas Butler, filed a *pro se* complaint ("Complaint") against the Department of the United States Air Force ("USAF") and the Air Force Office of Special Investigations ("AFOSI") on October 25, 1994. The basis for the Plaintiff's claim is that he has been improperly denied access to records maintained by the USAF and AFOSI.

In January 1994, the AFOSI was notified that the Plaintiff was a prime suspect in the investigation of the murders of Plaintiff's fiancee and her daughter conducted by the Prince George's County Police Department ("PGCPD"). Declaration of Chief of FOIA Release Division, Frank H. Batten, Jr. ("Batten Decl.") at ¶ 8. That investigation is still ongoing. *Id.* at ¶ 15. The AFOSI began an internal investigation based on PGCPD's murder investigation. *Id.* at ¶ 8. The AFOSI also commenced an investigation of Plaintiff's alleged "stalking activities" following the murders. *Id.* The Plaintiff was arrested for stalking in January 1994. Plaintiff's Re-

sponse at 14. A trial was held February 18, 1994 and the court dismissed the case. *Id.*

The Plaintiff originally requested on May 12, 1994 that the AFOSI release

... a complete copy of all closed and interim reports of investigation and internal inquiry reports, spot reports, security determination statements, and other files, notes, or other documents formally or informally maintained on MSgt (Special Agent) THOMAS BUTLER, FR578–72–2302 by HQ AFOSI, Detachment 302 (AFOSI), and any other unit which may maintain such documents....

Batten Decl. at Exh. A. On June 2, 1994, Mr. Butler requested

... a copy of a personnel background report regarding me submitted to Detective Michael Burns, Prince George's County Police Department, Landover, Maryland ... [and] the HQ AFOSI/IGQ coordination and AFOSI/CV authorization for the release of the report to the police.

Batten Decl. at Exh. B. The Plaintiff characterizes the June 2, 1994 letter as a supplementary or addendum request. *See, e.g.,* Complaint at ¶ 9; Batten Decl. at Exh. B; Plaintiff's Response to Def. Statement of Material Facts at ¶ 2. The Defendants characterize the June 2, 1994 letter as an additional request. *See, e.g.,* Def. Statement of Material Facts at ¶ 2; Batten Decl. at ¶¶ 2–3. Between June 2, 1994 and October 25, 1994, Mr. Butler wrote several follow up letters and called to inquire about the status of his FOIA requests. Complaint at ¶¶ 8, 12, 14, 16, 18, 21; Declaration of FOIA/PA Senior Information Release Specialist, Carolyn Ford Warren ("Warren Decl.") at ¶ 12.

On July 29, 1994, Frank Batten of AFOSI wrote a letter to the Plaintiff identifying two files responsive to the May 12, 1994 request and denying release based on Exemption 7(A), 5 U.S.C. § 552b(c)(7)(A). Batten Decl. at Exh. C. In addition, Mr. Batten indicated that the June 2, 1994 request would be processed at a later time. *Id.* The Plaintiff appealed AFOSI's decision to withhold the two files to the Secretary of the Air Force on August 15, 1994. *Id.* at Exh. D.

On September 15, 1994, Mr. Batten wrote a letter to Plaintiff enclosing a document responsive to the June 2, 1994 request. Batten Decl. at Exh. E. A portion of the enclosed document was withheld under Exemption 7(D), 5 U.S.C. § 552b(c)(7)(D). The Plaintiff appealed the AFOSI's decision to withhold a portion of the document to the Secretary of the Air Force on September 29, 1994. Plaintiff's Opp. at Exh. 3.

Plaintiff seeks from this Court an Order (i) enjoining Defendants from unlawfully withholding responsive documents; (ii) requiring Defendants to produce all nonexempt documents for inspection and copying; (iii) requiring Defendants to provide a detailed index of withheld documents; and (iv) compelling Defendants to exercise their discretion to provide Plaintiff with exempt documents. *See* Complaint at ¶ 2.

In response, on January 13, 1995, the Defendants filed a Motion to Dismiss, or in the alternative, for Summary Judgment. The Defendants' Motion to Dismiss was based on the grounds (1) that the court lacks subject matter jurisdiction because Plaintiff failed to exhaust AFOSI administrative remedies and (2) that the Plaintiff failed to state a claim upon which relief can be granted because Defendants properly withheld requested documents. The alternative Motion for Summary Judgment was based on the grounds that there are no material facts in dispute and that the Defendant is entitled to judgment in its favor as a matter of law.

Defendants have acknowledged that Plaintiff exhausted the AFOSI administrative remedies. Def. Reply at 4. Thus, Defendants' first ground for dismissal is moot. With respect to the second ground for dismissal, the Defendants have not argued that the improper withholding of agency records would not constitute a claim upon which relief could be granted. Rather, the Defendants have endeavored to demonstrate that the agency records were properly withheld. Therefore, the Court shall DENY the Defendant's Motion to Dismiss and will now turn to the question of Summary Judgment.

## II. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

■ Summary judgment should be granted to the movant if it has shown, when the facts are viewed in the light most favorable to the nonmovant, that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In FOIA cases, the burden of justifying nondisclosure lies with the defendant agency. *National Cable Television Ass'n, Inc. v. F.C.C.,* 479 F.2d 183 (D.C.Cir.1973). Summary judgment in the defendant agency's favor is appropriate only where the agency can "prove that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from [FOIA's] inspection requirements." *Id.* at 186.

■ When an agency seeks summary judgment on the basis of a FOIA exemption, it can fulfill its burden by "specifically identifying the reasons why a particular justification is relevant and correlating those claims with the particular part of a withheld document to which they apply." *Mead Data Central, Inc. v. Dep't of the Air Force,* 566 F.2d 242, 251 (D.C.Cir.1977). The Court may grant summary judgment solely on the basis of affidavits or declarations that explain how requested information falls within a claimed exemption if the affidavits or declarations are sufficiently detailed, nonconclusory and submitted in good faith. *Goland v. C.I.A.,* 607 F.2d 339, 352 (D.C.Cir.1978), *cert. denied,* 445 U.S. 927, 100 S.Ct. 1312, 63 L.Ed.2d 759 (1980); *Military Audit Project v. Casey,* 656 F.2d 724, 738 (D.C.Cir.1981). However, the Court must review *de novo* an agency's decision to exempt information. 5 U.S.C. § 552(a)(4)(B).

The *pro se* Plaintiff in this case has indicated an understanding of the standard for a motion for summary judgment—that any factual assertions contained in the affidavits and other attachments in support of the motion will be accepted by the Court as true unless Plaintiff submits his own affidavit or other documentary evidence contradicting such assertions. Plaintiff's Opp. at 2–3; *see Neal v.*

*Kelly,* 963 F.2d 453, 456 (D.C.Cir.1992); Local Rule 108; Fed.R.Civ.P. 56(e). Notwithstanding Plaintiff's demonstrated familiarity with the operation of the summary judgment rule, Plaintiff fails to contradict some of Defendants' factual assertions and the grounds upon which Defendants' Motion rests. Accordingly, the Court will accept as true these allegations.

## A. PRIVACY ACT CLAIM

With regard to the Defendants' assertion of Privacy Act Exemption (j)(2), the Court finds that there exists no genuine issue of material fact in dispute. Defendants properly claim that the contents of Plaintiff's records are exempt from the Privacy Act's mandatory disclosure provisions and accordingly is entitled to judgment as a matter of law with regard to their withholding of information on such basis. *See* 5 U.S.C. § 552a(j)(2); 28 C.F.R. § 16.96.

■ The records requested by the Plaintiff are contained in centralized (indexed by the Defense Central Index of Investigations ("DCII")) and decentralized file systems. *See* Warren Decl. at ¶ 4. 5 U.S.C. § 552a(j)(2) allows an agency to exempt, by regulation, from mandatory disclosure

> records maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including police efforts to prevent, control, or reduce crime or to apprehend criminals, and the activities of prosecutors, courts, correctional, probation, pardon, or parole authorities, and which consists of . . . (B) information compiled for the purpose of a criminal investigation, including reports of informants and investigators, and associated with an identifiable individual; or (C) reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision.

5 U.S.C. § 552a(j)(2) (1988). The proper assertion of Exemption (j)(2) to justify the withholding of requested documents requires first, that the requested information is contained in an identified system of records; second, that the system of records is "maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws", *id.;* and third, that the agency or component thereof has "promulgate[d] rules, in accordance with the requirements of sections 553(b)(1), (2), and (3), (c), and (e) of [title 5]" exempting the system of records from the Privacy Act's disclosure provisions. *Id.* § 552a(j).

■ In sum, in order to merit summary judgment on the basis of § 552a(j), the movant must establish that an agency with a principal function of criminal law enforcement maintains a system of records that has been exempted, by rule, from disclosure. The DCII and the decentralized systems of records are maintained by the AFOSI. Warren Decl. at ¶¶ 4, 6. Because the principal function of the AFOSI is "to provide criminal, fraud, counterintelligence, internal security and special investigative services for Air Force activities," Batten Decl. at ¶ 7, and the DCII and the decentralized records have been exempted from the Privacy Act's mandatory disclosure provisions by 28 C.F.R. § 16.96, the Court will GRANT the Defendants' Motion for Summary Judgment with regard to their assertion of 5 U.S.C. § 552a(j)(2) to justify the withholding of information. Plaintiff's only potential access to the requested information is therefore under the FOIA.

## B. THE JUNE 2, 1994 REQUEST

The June 2, 1994 letter requested three specific documents: a personnel background report regarding Plaintiff, the HQ AFOSI/IGQ coordination and AFOSI/CV authorization for the release of the report to the police. The background report was produced in redacted form on September 15, 1994. Plaintiff's Reply at 7; Batten Decl. at Exh. E. The Defendants have presented evidence that the HQ AFOSI/IGQ coordination and AFOSI/CV authorization do not exist. Warren Decl. at ¶ 14, Exh. D. The Plaintiff has failed to provide any evidence to contradict Defendants' assertion that the documents do not exist. Accordingly, the Court will accept as true that these documents do not exist. *See Neal v. Kelly,* 963

F.2d at 456; Local Rule 108; Fed.R.Civ.P. 56(e).

Defendants in their Memorandum in Support of the Motion to Dismiss claim that the redacted portions of the background report are exempted from disclosure under Exemption 7(C) and 7(D), 5 U.S.C. § 552b(c)(7)(C) and (c)(7)(D). Def. Memo in Support at 5–7; Batten Decl. at ¶ 5. Because this Court must review *de novo* agency decisions to exempt information under FOIA, each of the claimed Exemptions will be assessed in turn. *See* 5 U.S.C. § 552(a)(4)(B).

### 1. *Exemption 7*

■ Exemption 7 is designed to cover "investigatory records compiled for law enforcement purposes," but is limited to the extent that production of such records would cause one of a variety of enumerated harms. 5 U.S.C. § 552(b)(7). Thus, the threshold requirement for claiming Exemption 7 is that the documents sought to be withheld were prepared for "law enforcement purposes."

■ It is undisputed in this case that the USAF is a mixed-function agency and that the AFOSI has as its primary purpose to conduct criminal investigations. Batten Decl. at ¶ 5; Plaintiff's Response at 12; *see Birch v. United States Postal Service,* 803 F.2d 1206, 1209 (D.C.Cir.1986) (recognizing need to differentiate between agency with primary purpose of law enforcement and agency with mixture of law enforcement and administrative functions). Because Exemption 7 embraces only (1) investigations that focus directly on illegal acts, (2) illegal acts of identified people, and (3) acts, if proved, could result in criminal or civil sanctions, the determination of whether records of a mixed-function agency were compiled for law enforcement purposes hinges, in turn, on whether these three distinct inquiries are satisfied. *Id.* (citing *Rural Housing Alliance v. United States Dep't of Agriculture,* 498 F.2d 73 (D.C.Cir.1974)).

■ In this case the USAF/AFOSI's investigation focused on specific activities of an identified person: the plaintiff as an alleged murder suspect. Batten Decl. at ¶ 8. Plaintiff argues in his Opposition that the Defendants do not have the power to investigate or

court martial him because he has retired from the Air Force. Plaintiff's Opp. at 13. As a result, Plaintiff argues, no criminal or civil sanctions can be imposed by the Defendants. *Id.* This may well be true. However, the PGCPD does have the power to arrest and charge the Plaintiff for murder and the record shows that the PGCPD investigation is pending. Batten Decl. at 8; Plaintiff's Opp. at 13; *see Shaw v. F.B.I.,* 749 F.2d 58 (D.C.Cir.1984) (holding that "law enforcement purposes" is not limited to federal law enforcement and that an authorized federal investigation into the commission of a state crime qualifies for Exemption 7(D)); *Hopkinson v. Shillinger,* 866 F.2d 1185 (10th Cir.1989), *reh'g denied,* 888 F.2d 1286, *cert. denied,* 497 U.S. 1010, 110 S.Ct. 3256, 111 L.Ed.2d 765 (1990) (Exemption 7 applies with equal force to federal investigation at request of local law enforcement agency; this interpretation encourages cooperation and information sharing) (citing *Wojtczak v. U.S. Dep't of Justice,* 548 F.Supp. 143 (E.D.Pa. 1982)); *see also Fruehauf Corp. v. Thornton,* 507 F.2d 1253 (6th Cir.1974) (FOIA not intended to serve as a substitute for criminal discovery); *Murphy v. FBI,* 490 F.Supp. 1138 (D.D.C.1980) (FOIA cannot alter explicit discovery procedures set forth in Fed. R.Crim.P. 16). Further, the subject of the document is "Request for Assistance" and the recipient is alleged to be the PGCPD. Batten Decl. at Exh. E; Plaintiff's Response at 12. Thus, it is clear that the redacted background report was "compiled for law enforcement purposes."

The Plaintiff's primary contention in opposing Defendants' Motion for Summary Judgment regarding the June 2, 1994 request is that the confidentiality of the redacted document was waived by the addressee hence, precluding the possibility that any harm might result from release of the requested information. Accordingly, the Court shall address each of the enumerated exemptions separately in light of the Plaintiff's claim.

### 2. *Exemption 7(C)*

■ Defendants claim Exemption 7(C), 5 U.S.C. § 552b(c)(7)(C), in their briefs to this Court, however, Exemption 7(C) is not

raised in either of the declarations submitted to this Court. A government agency seeking summary judgment on the basis of a FOIA exemption has the burden to justify nondisclosure. *National Cable Television,* 479 F.2d at 186. The declarations provided by Defendants do not mention Exemption 7(C) nor provide reasons to justify the Exemption. Thus, the declarations are not sufficiently detailed to support an Exemption under 7(C), 5 U.S.C. § 552b(c)(7)(C). *See Goland v. C.I.A.,* 607 F.2d 339, 352 (D.C.Cir.1978), *cert. denied,* 445 U.S. 927, 100 S.Ct. 1312, 63 L.Ed.2d 759 (1980); *Military Audit Project v. Casey,* 656 F.2d 724, 738 (D.C.Cir.1981). Accordingly, the Court shall DENY, WITHOUT PREJUDICE, Defendants' Motion for Summary Judgment with respect to its assertion of Exemption 7(C) to withhold requested information. However, Defendants asserted adequate grounds for the withholding of requested information—Exemption 7(D).

### 3. *Exemption 7(D)*

Exemption 7(D) is designed to provide protection for investigatory material which "could reasonably be expected to disclose the identity of a confidential source, ... or ... information furnished by a confidential source." 5 U.S.C. § 552b(c)(7)(D). Defendants asserted this Exemption to justify withholding the addressee of the background report, release of which it maintains might reveal the identity of a confidential source who cooperated with the investigation of the Plaintiff. Batten Decl. at ¶ 5. Because Defendants properly asserted Exemption 7(D) to withhold such information, summary judgment in their favor with regard to claims regarding such is proper.

▆▆▆▆ Exemption 7(D) shields from disclosure all information furnished by confidential sources, as well as the actual identity of the cooperating individual if there has been an explicit assurance of confidentiality or circumstances from which such an assurance could reasonably be inferred. *United States*

*Dep't of Justice v. Landano,* —— U.S. ——, 113 S.Ct. 2014, 124 L.Ed.2d 84 (1993). The Defendants have properly relied upon this exemption in withholding the identities of persons who cooperated with AFOSI investigations on the grounds that disclosure would violate an express request for confidentiality by the source of the information and would jeopardize their ability to conduct future law enforcement operations premised upon promises of confidentiality. The Plaintiff has not supplied any evidence contrary to these assertions[1] and the Court has no reason to question the Defendant's contention that these materials were properly withheld in order to protect the confidentiality of AFOSI sources pursuant to Exemption 7(D). Accordingly, the Court will GRANT the Defendants' Motion for Summary Judgment with regard to the June 2, 1994 request.

### C. THE MAY 12, 1994 REQUEST

The May 12, 1994 request was a broad demand for different types of information— *e.g.,* "interim reports of investigation and internal inquiry reports, spot reports, security determination statements, and other files, notes, or other documents formally or informally maintained ..." Batten Decl. at Exh. A. On July 29, 1994, Frank Batten of AFOSI wrote a letter to the Plaintiff identifying two files responsive to the May 12, 1994 request and denying release based on Exemption 7(A), 5 U.S.C. § 552b(c)(7)(A). Batten Decl. at Exh. C. In the Plaintiff's Opposition, the Plaintiff claimed that the Defendants failed to conduct an appropriate search for records responsive to the May 12, 1994 request. Plaintiff's Opp. at 4. In their Reply, the Defendants did not address this allegation by the Plaintiff with specificity. Thus, on March 9, 1995, this Court ordered the Defendants to address the Plaintiff's allegations. Defendants responded to this Court's Order on March 20, 1995 and submitted the undated Declaration of Carolyn Ford Warren. On March 28, 1995, the Plaintiff filed a Reply to Defendants' submission. The Court will therefore address the parties' respective

---

1. Plaintiff claims in his Opposition brief that the redacted portion of the document omitting the addressee contains the name and address of Prince George's County Police Detective Michael

Burns and that Mr. Burns waived his request for confidentiality. Plaintiff's Opp. at 12, Exh. 3. However, the Plaintiff does not provide any evidence to support his contention.

pleadings submitted in response to the Court's March 20, 1995 Order in addition to the Defendant's dispositive Motion and the Plaintiff's Opposition thereto.

### 1. *The Search for Documents*

■ The Declaration submitted in response to this Court's March 9, 1995 Order indicates that a search was conducted for the "records of any open or interim investigations pending for which plaintiff was a subject." Warren Decl. at ¶¶ 9, 12. With respect to that search, the Court finds that the Defendants have met their burden of proving that they conducted a good faith search for the requested records, using methods reasonably expected to produce the information requested. *Department of Justice v. Landano,* —— U.S. ——, ——, 113 S.Ct. 2014, 2019, 124 L.Ed.2d 84 (1993); *Oglesby v. U.S. Dep't of the Army,* 920 F.2d 57, 68 (D.C.Cir.1990).

However, in addition to "open or interim investigations," Plaintiff requested internal inquiry reports, spot reports, security determination statements, and other files, notes, or other documents formally or informally maintained. The evidence submitted by Defendants does not indicate any type of search for the additional items requested by Plaintiff on May 12, 1994.[2] Thus, the Defendants have failed to meet their burden with respect to the additional items. *Landano,* —— U.S. at ——, 113 S.Ct. at 2019; *Oglesby,* 920 F.2d at 68.

The Court further notes that it emphasized the additional items in Plaintiff's May 12, 1994 request in the March 9, 1994 Order directing Defendants to Show Cause or otherwise respond to Plaintiff's allegations regarding the search. Accordingly, the Court will DENY the Defendants' Motion for Summary Judgment with regard to the May 12, 1994 request and ORDER the Defendants to conduct a proper search for the additional items listed in Plaintiff's May 12, 1994 request, said search to be completed and documents disclosed or Exemptions claimed by June 16, 1995.

### 2. *Exemption 7(A)*

The good-faith search that was conducted for the "records of any open or interim investigations pending for which plaintiff was a subject" resulted in the location of two files: 94HQD6–6,969 and 94HQD26–13,861. Batten Decl. at ¶ 3, Exh. C; Warren Decl. at ¶ 11. File 94HQD6–6,969 concerns the status of the murder investigation of Plaintiff's fiance and her daughter being conducted by the PGCPD of which the Plaintiff was a prime suspect. Batten Decl. at ¶ 8. This file is a 7 page report of investigation compiled by the Investigative Operations Center of the AFOSI. *Id.* at ¶ 11. Virtually all the information in the file was provided by the PGCPD and the file contains specific language indicating that the PGCPD would provide information if the AFOSI agreed to not release the information received while the PGCPD investigation was pending. *Id.* at ¶ 12. File 94HQD26–13,861 pertains to "Plaintiff's actions following the murders ... which resulted in his arrest for stalking an individual who Plaintiff reportedly believed was responsible for the murders." *Id.* at ¶ 8. This file is a 16 page report of investigation compiled by Region 3, Detachment 302, AFOSI. *Id.* at ¶ 11.

■ Defendants claim that Exemption 7(A) applies to these files. Clearly the threshold Exemption 7 requirement is met. The USAF/AFOSI's investigation focused on the specific activities of the Plaintiff as an alleged murder suspect and as an alleged stalker and both acts, if proved, could result in criminal sanctions. *See Birch,* 803 F.2d at 1206; *Rural Housing Alliance,* 498 F.2d at 73. Defendant contends that his retirement from the Air Force deprives the Plaintiffs of jurisdiction to investigate or court martial him. Plaintiff's Opp. at 13. It also appears from the evidence submitted by Plaintiff that the Defendants did not take action to decertify the Plaintiff as a special agent prior to his retirement. Plaintiff's Opp. at 13, Exh. 11. However, both investigations are considered pending by the AFOSI because the PGCPD

---

**2.** Apparently, Defendants understood the Plaintiff's June 2, 1994 request to limit the May 12, 1994 request. Warren Decl. at ¶¶ 12, 15. The Plaintiff disputes that the June 2, 1994 request

limited his initial request. Plaintiff's Reply at 4. In addition, the plain reading of both written requests does not lend itself to the Defendants' interpretation of the requests.

investigation is "open and actively investigated by PGCPD authorities." Batten Decl. at ¶ 8; *cf.* Plaintiff's Opp. at 13 ("the case is two years old"). Plaintiff has not presented any evidence indicating the contrary. The PGCPD murder investigation could result in criminal sanctions, so it is irrelevant that the AFOSI investigation cannot. *See Shaw v. F.B.I.*, 749 F.2d at 58; *Hopkinson v. Shillinger*, 866 F.2d at 1185; *Wojtczak v. Department of Justice*, 548 F.Supp. at 143. Thus, it is clear that the two files were "compiled for law enforcement purposes."

Exemption 7(A) permits the withholding of records or information compiled for law enforcement purposes, "but only to the extent that the production of such law enforcement records or information could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 522b(c)(7)(A) (1988). Because the Defendants have demonstrated that release of the requested documents would interfere with pending investigations, Exemption 7(A) was a proper basis upon which to deny Plaintiff access to the requested information.

▆▆ The applicability of Exemption 7(A) hinges on a two-part test. As a threshold matter, the government must establish that a law enforcement proceeding is pending or prospective; second, the Defendants must show that some distinct harm is likely to result if the record or information requested is disclosed. *N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 224, 98 S.Ct. 2311, 2318, 57 L.Ed.2d 159 (1978); *Crooker v. Bureau of Alcohol, Tobacco & Firearms*, 789 F.2d 64, 65–67 (D.C.Cir.1986); *Campbell v. Dep't of Health and Human Serv.*, 682 F.2d 256, 263 (D.C.Cir.1982). Defendants have made such a showing.

▆▆ Generally, to prevail under Exemption 7(A), the government must establish, by more than conclusory statement, how particular kinds of records requested would interfere with a pending enforcement proceeding. *See Campbell*, 682 F.2d at 263. As shown above, the PGCPD investigation is pending against the Plaintiff. Thus, Defendants need only explain how the release of the two files would interfere with enforcement proceed-

ings. The Court is satisfied that their explanation is adequate.

▆▆ Defendants identify the two files as containing information regarding the PGCPD's murder investigation. Batten Decl. at ¶ 8. Defendants detail the type of information contained in the files and the potential harm of disclosure to an investigative target. *Id.* at ¶¶ 8, 11, 12, 13, 14. Under Exemption 7(A), a court may take into account a requestor's identity. *See Robbins Tire & Rubber*, 437 U.S. at 239–40, 98 S.Ct. at 2325–26; *Grasso v. I.R.S.*, 785 F.2d 70, 76–77 (3d Cir.1986). In light of the Plaintiff's identity as a murder suspect and the nature of the information sought, the Court is satisfied that Defendants have adequately explained how the release of information contained in the investigatory files would interfere with pending enforcement proceedings. Accordingly, the Court will GRANT the Defendants' Motion for Summary Judgment with regard to their assertion of Exemption 7(A) to justify the withholding of the requested information contained in files 94HQD6–6,969 and 94HQD26–13,861.

## III. PLAINTIFF'S MOTION FOR VAUGHN INDEX

On February 6, 1995, Plaintiff filed a Motion under the *Vaughn* decision to require detailed indexing of the documents Defendants claim are exempt from disclosure. *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir. 1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). Defendants in their response to this Court's March 9, 1995 Order submitted that the Batten Declaration satisfied their *Vaughn* obligation. Def. Response at n. 1.

▆▆ Under *Vaughn*, agencies are required to prepare an itemized index that couples a withheld document or portion of document with a specific FOIA Exemption, and that justifies the application of the Exemption. *Vaughn v. Rosen*, 484 F.2d at 820. The Court finds the information contained in the Batten Declaration is "sufficiently specific to permit a reasoned judgment as to whether the material is actually exempt under FOIA." *Founding Church of Scientolo-*

*gy v. Bell,* 603 F.2d 945, 949 (D.C.Cir.1979). The Batten Declaration provides as much information as possible without revealing the substance for which the Defendants are claiming Exemptions. *See Vaughn,* 484 F.2d at 826-7. Accordingly, the Plaintiff's Motion Under *Vaughn* shall be, and hereby is, DENIED.

### IV. CONCLUSION

Upon consideration of the pleadings before the Court, and for all of the foregoing reasons, the Court finds that Defendants are entitled to judgment in their favor as a matter of law with regard to the June 2, 1994 request and with regard to the withholding of files 94HQD6-6,969 and 94HQD26-13,861, and the Court finds that Plaintiff has raised a genuine issue of material fact with regard to the remainder of the May 12, 1994 request. As such, the Court shall issue an Order of even date herewith consistent with the foregoing Memorandum Opinion.

### ORDER

Upon consideration of the Defendants' Motion to Dismiss or in the Alternative for Summary Judgment, the Plaintiff's Opposition, the Defendant's Reply, the Plaintiff's Motion Under *Vaughn v. Rosen* to Require Detailed Justification, Itemization, and Indexing, Defendant's Response to the Court's March 9, 1995 Order and Opposition to Plaintiff's Motion Under *Vaughn,* and Plaintiff's Reply, the applicable law, the record herein, and for the reasons articulated in the Court's Memorandum Opinion of even date herewith, it is, by the Court, this 30th day of May, 1995,

ORDERED that the Defendants' Motion to Dismiss shall be, and hereby is, DENIED; and it is

FURTHER ORDERED that the Defendants' Motion for Summary Judgment shall be, and hereby is, GRANTED with regard to Defendants' assertion of 5 U.S.C. § 552a(j)(2) to justify the withholding of information; Defendants' assertion of 5 U.S.C. § 552b(c)(7)(D) to justify the withholding of the addressee of the background report; and Defendants' assertion of 5 U.S.C. § 552b (c)(7)(A) to justify the withholding of files

94HQD6-6,969 and 94HQD26-13,861; and it is

FURTHER ORDERED that the Defendants' Motion for Summary Judgment shall be, and hereby is, DENIED, WITHOUT PREJUDICE, with regard to the May 12, 1994 request for internal inquiry reports, spot reports, security determination statements, and other files, notes, or other documents formally or informally maintained regarding the Plaintiff; and it is

FURTHER ORDERED that the Defendants shall conduct a proper search for the items listed in the preceding paragraph, said search to be completed and documents disclosed or Exemptions claimed by 4:00 p.m. on June 16, 1995; and it is

FURTHER ORDERED that the Plaintiff's Motion Under *Vaughn* shall be, and hereby is, DENIED.