**Thomas P. ANDERSON, Jr., Plaintiff,**

v.

**UNITED STATES POSTAL SERVICE, Defendant.**

**No. Civ. A. 98–1661.**

United States District Court,
E.D. Pennsylvania.

June 9, 1998.

Thomas P. Anderson, Glen Mills, PA, pro se.

Stephen J. Britt, U.S. Atty's Office, Philadelphia, PA, for Defendant.

## MEMORANDUM

KATZ, District Judge.

*Factual Background*

In this *pro se* action, plaintiff Thomas Anderson seeks information about a pending criminal investigation through the Freedom of Information Act ("FOIA") and the Privacy Act. Anderson is an employee of the Postal Inspection Service, and the Inspection service is conducting an investigation in which he is involved. On December 2, 1996, he was interrogated by two postal inspectors in part of an ongoing investigation, and that interrogation was electronically recorded. *See* Compl. Ex. B. Plaintiff made FOIA requests seeking access to his investigative file,

and defendant has released a variety of materials from that file. *See* Def. Mot. Ex. A, ¶ 4. On January 8, 1998, in order to close out a separate FOIA action, Anderson entered into a settlement and stipulation with defendant not to request information provided in response to his FOIA request. Compl. Ex. A. On January 19, 1998, Anderson filed another FOIA request seeking the contents of any other investigative file relating to him that had not already been produced. *See id.* Ex. B. The Inspection Service received the request on January 30, 1998. *See id.* Ex. B ¶ 2. On February 27, 1998, the Inspection Service sent a letter acknowledging receipt of his request and stating that there would be a delay in furnishing copies of the materials requested. *See id.* Ex. D. On March 30, 1998, Anderson filed this lawsuit, in which he asks this court to compel disclosure of the requested information. Defendant has moved for summary judgment.[1]

*Discussion*

*Exhaustion of Administrative Remedies*

Anderson claims that the defendant's delay in responding to his requests constitutes exhaustion of administrative remedies under the FOIA, but he does not indicate whether he has exhausted his administrative remedies under the Privacy Act. *See* Compl. ¶ 18.[2] The FOIA contains what has been called a "constructive exhaustion" exception: 5 U.S.C. § 552(a)(6)(A) states that the agency

---

**1.** Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

When ruling on a summary judgment motion, the court must construe the evidence and any reasonable inferences drawn therefrom in favor of the non-moving party. *Tigg Corp. v. Dow Corning Corp.*, 822 F.2d 358, 361 (3d Cir.1987); *Baker v. Lukens Steel Co.*, 793 F.2d 509, 511 (3d Cir.1986). In other words, if the evidence presented by the parties conflicts, the court must accept as true the allegations of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

When the movant does not have the burden of proof on the underlying claim or claims, that movant has no obligation to produce evidence negating its opponent's case, but merely has to point to the lack of any evidence supporting the non-movant's claim. When the party moving for summary judgment is the party with the burden of proof at trial, and the motion fails to establish the absence of a genuine factual issue, the district court should deny summary judgment even if no opposing evidentiary matter is presented. *National State Bank v. Federal Reserve Bank*, 979 F.2d 1579, 1582 (3d Cir.1992).

**2.** As Anderson is a *pro se* complainant, the allegations in his complaint must be broadly construed. *See Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

to which a FOIA request has been submitted must notify the person making the request whether it will comply within ten days after receiving the request, and § 552(a)(6)(B) imposes a twenty day time limit on the agency to respond after an administrative appeal. Section 552(a)(6)(C) provides that a person making a request will be deemed to have exhausted his administrative remedies if the agency fails to comply with either deadline. However, section 552(a)(6)(B) allows for a ten day extension in limited circumstances, with written notice to the person making the request. The courts have also limited the constructive exhaustion requirement somewhat; section 552(a)(6)(C) allows recourse to the courts to compel the agency's response to a request and force the agency to release the requested documents, but once the agency responds, the requester must exhaust administrative remedies before seeking judicial review. *See McDonnell v. United States*, 4 F.3d 1227, 1240–41 (3d Cir.1993); *Oglesby v. United States Dept. of Army*, 920 F.2d 57, 64 (D.C.Cir.1990).

■ A FOIA response is sufficient for purposes of requiring an administrative appeal if it includes: 1) the agency's determination of whether or not to comply with the request; 2) the reasons for its decision; and 3) notice of the right of the requester to appeal to the head of the agency if the initial agency decision is adverse. *See Oglesby*, 920 F.2d at 65. Anderson received a vague positive response to his FOIA request from the agency outside of the statutory time limit, and the agency is now informing the court,

via the government's motion, that the documents requested are outside of the purview of FOIA. It appears that plaintiff has exhausted his administrative remedies under the FOIA, and the court will address the merits of his FOIA claim.[3]

*FOIA Exemptions*

■ The documents Anderson seeks are exempt from disclosure under Exemption 7(A) of the FOIA. *See* 5 U.S.C. § 552(b)(7)(A). Exemption 7(A) authorizes the withholding of records or information compiled for law enforcement purposes. To fit within Exemption 7(A) the government must show that: 1) a law enforcement proceeding is pending or prospective; and 2) release of the information could reasonably be expected to cause some articulable harm. *See Manna v. Dept. of Justice*, 51 F.3d 1158, 1164 (3d Cir.1995). A court may also take the requestor's identity into account in making this determination. *See id.*

■ The government has submitted a declaration of Thomas P. Dagley, the Acting Manager of the Internal Affairs Division of the United States Postal Inspection Service, that claims the release of the report of the investigation would expose actual or prospective witnesses to undue influence or retaliation and would disclose the focus of their investigative activities by releasing sensitive information prior to disposition of the case by the agency or the United States Attorney. Def. Mot. Ex. A, ¶ 3; *see Manna*, 51 F.3d at

**3.** The Privacy Act contains no section equivalent to the "constructive exhaustion" provision of the FOIA. *See Pollack v. Dept. of Justice*, 49 F.3d 115, 116–17 & n. 1 (4th Cir.1995). Although the Privacy Act does not contain an explicit requirement of exhaustion of administrative remedies for all potential causes of action under the statute, courts have read an exhaustion requirement into the statute as an application of a general principle of administrative law. *See Lei v. Brown*, Civ. A. No. 94–7776, 1995 WL 37613 at *2–*3 (E.D.Pa. Jan. 26, 1995). Courts have required a plaintiff to exhaust his administrative remedies if that plaintiff seeks relief for failure to produce records or failure to amend records. *See Quinn v. Stone*, 978 F.2d 126, 137 & n. 22 (3d Cir.1992) (failure to amend); *Haase v. Sessions*, 893 F.2d 370, 373 (D.C.Cir.1990) (failure to produce and failure to amend). Given that

Anderson is a *pro se* plaintiff and that his submissions to the court must be given a certain amount of latitude, the court finds that Anderson's suit must be dismissed on either failure to exhaust administrative remedies, or on the merits of his Privacy Act suit, as Anderson has sought records outside of the reach of that Act. The Postal Inspection Service's principal function is criminal law enforcement, and its investigative records have been exempted, by rule, from disclosure pursuant to 5 U.S.C. § 552(a)(j)(2). *See* 39 C.F.R. § 266.9(b)(2) (exempting Inspection Service's investigative files from disclosure under the Privacy Act); *Butler v. Dept. of Air Force*, 888 F.Supp. 174, 179 (D.D.C.1995), *aff'd*, 116 F.3d 941 (D.C.Cir.1997) (summary judgment appropriate on Privacy Act claim when government establishes that system of records of law enforcement agency exempted by regulation).

1164–65.[4] Interference is reasonably likely in this case, because Anderson seeks the reports of any interviews that have occurred thus far, and these will disclose the identities of the persons interviewed. Def. Mot. Ex. A, ¶ 3. Any statement by Anderson as to his motives is not sufficient, for in Exemption 7 cases, a plaintiff's affidavit of subjective intent is irrelevant. *See Pully v. IRS*, 939 F.Supp. 429, 436 (E.D.Va.1996). Neither a *Vaughn* index nor *in camera* review of the documents in question is necessary in light of the documentation submitted by the government. *See Wright v. OSHA*, 822 F.2d 642, 646 (7th Cir.1987); *see also Manna*, 51 F.3d at 1163–64. The court finds that the government has made an adequate showing that some form of harm is reasonably likely to occur.

 Alternatively, the documents sought by Anderson are exempt from disclosure under Exemption 7(C). This exemption authorizes the withholding of records or information compiled for law enforcement purposes, if such records "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). This exemption also requires a balancing of the privacy interests at risk against the public interests, if any, that would be served by disclosure. *See Manna*, 51 F.3d at 1165. The public interest in a citizen's access to personal information compiled by his government employer must be balanced against the privacy interests of those persons involved in the investigation. The protection of 7(C) extends to law enforcement officers as well as interviewees and witnesses involved in criminal investigations, who have a "substantial privacy interest" in non-disclosure of their identities "because disclosure may result in embarrassment and harassment." *See* id. at 1166, *citing McDonnell*, 4 F.3d at 1255. Given the pending nature of the criminal investigation and the risk of harm and retaliation to the persons currently involved in this investigation, the protection of these persons' privacy interests outweighs any public interest implicated by Anderson's current FOIA requests.

The Postal Inspection Service avers that a number of documents have been released to Anderson, and that he may renew his request once the current investigation has closed. Def. Mot. Ex. A, ¶ 4. Anderson may find the agency will prove more willing to provide information at a later date.

An appropriate Order follows.

### ORDER

**AND NOW,** this 9th day of June, 1998, upon consideration of defendant's Motion for Summary Judgment, and the response thereto, and plaintiff's Motion to Compel the Government to Produce a Vaughn Index, and the response thereto, it is hereby **ORDERED** that plaintiff's Motion is **DENIED** and defendant's motion is **GRANTED.**

---

4. In a FOIA case, a court is entitled to rely upon the declaration of a government official, so long as the declaration is sufficiently detailed, non-conclusory, and submitted in good faith. *See Goland v. CIA*, 607 F.2d 339, 352 (D.C.Cir.1978).

An affidavit's assertion that the disclosure of information would be a form of improper discovery is in and of itself insufficient to warrant a 7(A) exemption. *See North v. Walsh*, 881 F.2d 1088, 1096–97 (D.C.Cir.1989).